# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:18CR3005 |
| ) | 0867 4:18CR3074 |
| Plaintiff, ) | |
| ) | **RESISTANCE TO THE** |
| ) | **GOVERNMENTS OBJECTION** |
| vs. ) | **AND OBJECTION OF THE REVISED** |
| ) | **PSR AS IT RELATES TO THE** |
| TAYLOR WILSON, ) | **GUIDELINE CALCULATION** |
| ) | |
| Defendant. ) | |

## RESISTANCE TO THE GOVERNMENTS OBJECTION

COMES NOW the Defendant, TAYLOR WILSON, by and through his attorney, Jerry J. Sena and hereby resists the Governments Objection to the PSR and adopts probations position as it related to roll.

The Defendant strongly resists to the Governments opinion and/or characterization that the Defendants writings were anything more than his expressions and that he was acting on any allegiance to any organization or group.

The Governments argument is without merit. There is no evidence and the Government cannot prove that the Defendant was a member of any organization or group espousing terrorist or hate crime motivation or activities. The Government is characterizing the possession of National Socialist Movement and other anti-government propaganda, and the collecting of weapons as evidence of his motivations. If this were the case, there are several million Americans that would fit into this category. The ISIS play the government references was written several years ago. The rally the Defendant participated in was also months if not years in the past. Additionally, the Defendant purchased his ticket for the Amtrak Train shortly before he left California to return home as he needed to return to work in the Carpenters Union where he was employed. The items the Government states were for the commission of his crimes where tool of the Carpenters Union trade, a hammer, respirator mask used during drywall installation. While the Defendant was in possession of a fire arm and speed loaders he was traveling far from his home and was also in possession of a valid carry and conceal permit.

The Government alleges that the Defendant was making statements at the scene that comport with the application of both role adjustments. However, a report from Amtrak Investigator Nick Biner was prepared at the request of the Defense. The report states in part the following:

> Train 6(19) Passenger Taylor Wilson (PNR – 5E938E SCA-GBB-SPI-STL) traveling in coach was found in the trailing locomotive, after he pulled the emergency brake on said locomotive. (No access to the head-end or lead locomotive.) Wilson was found by crew seated in the locomotive appearing to be very intoxicated or impaired. Stating he was "heading to the stars." When asked why he was in the locomotive, he stated he was "trying to find the conductor."
>
> Furnas County, NE Sheriff Office responded and took Wilson into custody. A search revealed an S/W .38 revolver in his wasteband (Concealed and loaded). With a reload in his pocket. In his carry-on they found more re-loads, loose ammo, a knife, hammer, respirator mask and misc cloths. He was booked into Furnas Co Jail, and would be interviewed by Sheriff Office Investigators once he appeared sober.
>
> **Deputies and crew both advised that Wilson never made any threatening statements or indicated he was intending any violence. (Emphasis added)**
>
> **The crew only reported brief but positive interaction with Wilson prior to this incident. (Wilson told the A/C as he passed through the lounge, he was doing a good job and would put in an accommodation for him, A/C stated Wilson appeared intoxicated but friendly.) ( Emphasis added)**

The Defendant mentions the facts that the Amtrak Conductor believed him to be intoxicated, not to take away from his actions of stopping the trian, but to show he was not carrying out any planned attach or orchestrated operation in furtherance of his beliefs. In fact, the Defendant had only recently purchased his ticket to return to Missouri on the train when his cousin refused to take him back home as originally planned. In fact, there is not one piece of evidence of a planned event, attach or operation of any kind against the Amtrak train or its passengers.

The Defendant agrees with the Probation Officer's response that the 18 U.S.C. 2332(g)(5), the term "Federal Crime of terrorism," means an offense that (A) is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct: and (B) is a violation of ….section 1992 (relating to terrorist attaches and other acts of violence against railroad carriers and against mass transportation systems on land, on water, or through the air) and that this offense was not calculated to

influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct just because the Defendant had anti-government beliefs. The Defendant did not make ANY terrorist statements or behaviors during the commission of the offense or immediately following the offense, or make any racist comments or racially motivated behaviors the trigger the hate crime enhancement under USSG §3A1.1(a)

## OBJECTION OF THE REVISED PSR AS IT RELATES TO THE GUIDELINE CALCULATION

The Plea Agreement herein calculated the final Guideline range at 31. In addition to the Guideline range contemplated in the Plea Agreement, the PSR made a 3 point upward adjustment based on Victim Related Adjustment. In that adjust probation provides that, "If the Court as sentencing determines beyond a reasonable doubt that the defendant intentionally selected any victim or any property as to object of the offense of conviction because of the actual or perceived race, color, religion, national origin, ethnicity, gender, disability, or sexual orientation of any person, increase by three levels."

There is no such evidence and according to the report provided by Amtrak Investigator:

> **Deputies and crew both advised that Wilson never made any threatening statements or indicated he was intending any violence. (Emphasis added)**

> **The crew only reported brief but positive interaction with Wilson prior to this incident. (Wilson told the A/C as he passed through the lounge, he was doing a good job and would put in an accommodation for him, A/C stated Wilson appeared intoxicated but friendly.) (Emphasis added)**

Further the facts, statements and allegations were all available at the time of the Plea Agreement and said adjustment was never referenced or contemplated during those negotiations.

DATED this __18th__ day of September, 2018.

TAYLOR WILSON, Defendant,

/s/      JERRY J. SENA, #21639
 JERRY J. SENA, #21639
 SENA & POLK, L.L.P.
 ATTORNEYS AT LAW
 1913 Farnam Street, Ste B
 Omaha, NE 68102
 Tele.: (402) 884-7444
 Fax: (402) 884-7443
 ATTORNEY FOR THE DEFENDANT

**CERTIFICATE OF SERVICE**

THE UNDERSIGNED HEREBY CERTIFIES that on the __18th__ day of September, 2018, I electronically filed the foregoing with the Clerk of the United States District Court using the CM/ECF system which sent notification of such filing to the following:

Assistant U.S. Attorney-Lincoln
Lesley Wood, Suite 1400
Lincoln 487 Federal Building
100 Centennial Mall North
Lincoln, NE 68508

/s/   JERRY J. SENA, #21639