IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TAYLOR MICHAEL WILSON,<br><br>Defendant. | 4:18-CR-3005<br><br><br>ORDER |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TAYLOR WILSON,<br><br>Defendant. | 4:18-CR-3074<br><br><br>ORDER |

The defendant was convicted in 2018 of a terrorist attack against a railroad carrier and receiving and possessing an unregistered firearm. These matters are now before the Court on the defendant's motion (case no. 4:18-cr-3005 filing 49; case no 4:18-cr-3074 filing 32) for the return of seized property.

Fed. R. Crim. P. 41(g) authorizes a person whose property is seized by the government to petition the Court for its return. *See Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). The movant must establish lawful entitlement to the property—and the Court must afford him the opportunity to do so—at which point the government must establish a legitimate reason to retain it. *See id*.

Here, it appears the property was seized from the defendant, presumptively entitling him to its return. *See id*. It gets problematic after that. It is apparent that much of the property is contraband. In particular, much if not most of the property is unlawful for the defendant to possess. Some of the property may well be illegal for *anyone*. But even items that the defendant can transfer may be subject to the caveat that the Court can only approve the transfer "if, but only if, that disposition prevents the felon from later exercising control over those weapons, so that he could either use them or tell someone else how to do so." *Henderson v. United States*, 135 S. Ct. 1780, 1786 (2015).

> One way to ensure that result . . . is to order that the guns be turned over to a firearms dealer, himself independent of the felon's control, for subsequent sale on the open market. Indeed, we can see no reason, absent exceptional circumstances, to disapprove a felon's motion for such a sale, whether or not he has picked the vendor. That option, however, is not the only one available under [18 U.S.C.] § 922(g). A court may also grant a felon's request to transfer his guns to a person who expects to maintain custody of them, so long as the recipient will not allow the felon to exert any influence over their use. In considering such a motion, the court may properly seek certain assurances: for example, it may ask the proposed transferee to promise to keep the guns away from the felon, and to acknowledge that allowing him to use them would aid and abet a § 922(g) violation. Even such a pledge, of course, might fail to provide an adequate safeguard, and a court should then disapprove the transfer. But when a court is satisfied that a felon will not retain control over his guns, § 922(g) does not apply, and the court has equitable power to accommodate the felon's request.

*Id.* at 1786-87 (citations omitted).

At this point, however, none of those assurances have been provided with respect to the defendant's proposed custodian, his mother. The defendant's motion is even unclear as to whether he is, or is not, actually relinquishing his interest in the property. And the Court will need to be *entirely* comfortable with that before any property is returned to anyone.

The Court needs the government's assistance to begin sorting this out. Accordingly, the Court will ask the government to respond to the defendant's motion, and in particular to address the following points (along with any other matters the government believes requires the Court's attention):

- Whether the property listed in the defendant's motion remains in the government's possession,
- Which (if any) items are non-contraband,
- Which (if any) items the defendant's mother has consented to accept, and
- Which (if any) proscribed items can the Court be assured will not be returned to the defendant.

IT IS ORDERED that the government shall respond to the defendant's motion (case no. 4:18-cr-3005 filing 49; case no 4:18-cr-3074 filing 32), as set forth above, on or before September 4, 2020.

Dated this 5th day of August, 2020.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge