IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TAYLOR M. WILSON,

    Defendant.

4:18CR3005

MOTION FOR AUTHORIZATION TO MAKE PAYMENT FROM INMATE TRUST ACCOUNT

The United States of America, by and through counsel, Assistant United States Attorney Douglas R. Semisch, pursuant to 18 U.S.C. §§ 3613(a) and 3664(n) and 28 U.S.C. § 1651, moves this Court for an Order authorizing the Bureau of Prisons to turn over to the Clerk of Court funds held in the defendant's trust account as payment for the criminal monetary penalties imposed in this case.

In support of this motion, the government avers as follows:

1. On October 5, 2018, Taylor M. Wilson, was convicted of terrorism attacks and other violence against railroad carriers and against mass transportation systems. He was sentenced to 168 months in prison. He was ordered to pay a special assessment of $100.00, and restitution of $9,350.00.

2. Based on the government's accounting records, Defendant Taylor M. Wilson has an outstanding unpaid criminal debt balance of $9,225.00 as of this date.

3. Taylor M. Wilson remains in federal custody at Berlin FCI, Berlin, NH. His projected release date is November 16, 2029.

4. The United States Attorney's Office for this district recently was informed that Taylor M. Wilson currently maintains substantial funds in his inmate trust account maintained by

1

the Bureau of Prisons ("BOP")[1]. Prison officials indicated the balance of the account on this date is $1,400.00.

5.  By this motion, the government seeks entry of an order authorizing the BOP to turn over $1,100.00 of the $1,400.00 to be applied towards restitution owed by the defendant for his outstanding criminal penalties and leave $300 for Defendant's use.

6.  18 U.S.C. § 3613 sets forth the procedures for the government to enforce criminal monetary penalties, such as restitution and criminal fines. *See* 18 U.S.C. § 3613(a). In particular, the statute provides that a sentence imposing a fine constitutes a lien in favor of the government against all of the defendant's property and rights to property. 18 U.S.C. § 3613(c). Thus, the government's lien would attach to the defendant's interest in funds held by the BOP in his inmate trust account.

7.  Additionally, pursuant to 18 U.S.C. § 3663A *et seq.*, requires that the defendant's resources received from any source during his term of incarceration must be applied to his outstanding monetary penalties. Specifically:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources *from any source*, including inheritance, settlement, or other judgment, during a period of incarceration, such person *shall be required* to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. § 3664(n) (emphasis added). *See also* United States v. Cunningham, 866 F.Supp.2d 1050, 1061-62 (S.D. Iowa 2012) (entire amount of defendant's disability retirement payments

---

[1] The purpose of the inmate trust account or commissary account is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources. 28 C.F.R. §§ 506.1, 545.11. Family, friends or other sources must deposit funds for the benefit of the inmate into these accounts. Id. Deposits intended for the inmate's account must be mailed directly to the BOP's centralized commissary account. 28 C.F.R. § 540.23.

could be garnished while defendant was incarcerated as necessary and appropriate to effectuate payment of criminal debt).

8. The government also submits that an order authorizing the BOP to turn over the defendant's property is appropriate under these circumstances.

9. Furthermore, because the property is cash, it does not fall within any applicable categories of the exempt property that a defendant may claim in a criminal case. *See* 18 U.S.C. § 3613(a)(1) (setting forth the applicable Internal Revenue Service property exemptions incorporated by reference for criminal cases). For criminal debts such as fines and restitution, federal law provides that the only categories of exempt property are: (1) wearing apparel and school books; (2) fuel, provisions, furniture and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) annuity or pension payments under certain, specified federal statutes; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Partnership Act. 18 U.S.C. 6313(a)(1). Accordingly, the defendant cannot properly claim that the funds held in his inmate trust account are exempt from payment of his fine.

10. The government is serving Taylor M. Wilson with a copy of the motion, and he may object to the government's intended use of his property. The government is not aware of any other party who may claim an interest in this property.

11. The government submits that the requested relief is reasonable and appropriate in this instance. The requested relief will result in the reduction of the defendant's restitution. Also, without this relief, the BOP will be required to allow the defendant access to these funds. This would allow the defendant, or others, the opportunity to possibly dissipate, conceal, or transfer the funds without first paying his criminal penalties.

For the foregoing reasons, the government requests the Court grant its motion.

Dated this 25th day of May, 2021.

                              UNITED STATES OF AMERICA, Plaintiff
                              JAN W. SHARP
                              Acting United States Attorney
                              District of Nebraska

By:   s/ Douglas R. Semisch
        DOUGLAS R. SEMISCH, #16655
        Assistant U.S. Attorney
        1620 Dodge Street, Suite 1400
        Omaha, NE 68102-1506
        Tel: (402) 661-3700
        Fax: (402) 661-3081
        E-mail: doug.semisch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants. I also hereby certify that a copy of the same was served by regular mail, postage prepaid, to the following non-CM/ECF participants:

    Taylor M. Wilson, # 47217-044
    ------
    Berlin, NH 03570

                                            s/ Douglas R. Semisch
                                            Assistant U.S. Attorney